There is no question that the prosecution experts testified that a shaking had caused the death, but they conceded the absence of the usual indicators of violent shaking such as bruises on the body, fractured arms or ribs, or retinal bleeding. There was bleeding on the brain, both old and new, but not enough to cause death. All of the prosecution witnesses based their opinion of Shaken Baby Syndrome on their hypothesis that violent shaking had torn or sheared the brain stem in an undetectable way. Their testimony was not that the brain demonstrated death in the usual manner of Shaken Baby Syndrome, caused by excessive bleeding or swelling that crushes the brain stem. Instead, their testimony was that death was caused by shearing or tearing of the brain stem and they reached this conclusion because *there was no evidence in the brain itself of the cause of death.* Thus, as the defense expert Dr. Siegler stated, the tearing might have occurred or it might not have occurred; there simply was no evidence to permit an expert conclusion one way or the other on the point. This is simply not the stuff from which guilt beyond a reasonable doubt can be established, especially in the face of all the other circumstances, many of which were recited by the magistrate judge, making the crime unlikely. An expert's testimony *as to a theoretical conclusion or inference does not rescue a case that suffers from an underlying insufficiency of evidence to convict beyond a reasonable doubt.* See *United States v. Boissoneault,* 926 F.2d 230, 234 (2d Cir.1991).

## V

The prosecution's expert testimony, absolutely critical to its case, concluded that the cause of death was tearing or shearing of the brain stem when there was no physical evidence of such tearing or shearing, and no other evidence supporting death by violent shaking. Absence of evidence can-not constitute proof beyond a reasonable doubt.

The California Court of Appeal, in affirming Smith's conviction, described the expert testimony but did not address the problem presented by the lack of evidence, from the autopsy or ensuing tests, that the brain stem had been sheared. It affirmed with a statement that the experts conflicted and resolution of the conflict was for the jury. With all due respect to the California Court of Appeal, and even with the additional layer of deference mandated by AEDPA, we conclude that the Court of Appeal unreasonably applied *Jackson* when it held the evidence to be sufficient to convict Smith of causing Etzel's death. There was simply no demonstrable support for shaking as the cause of death. As a result of the unreasonable application of *Jackson,* there has very likely been a miscarriage of justice in this case.

We reverse the judgment of the district court and remand with instructions to grant the writ.

**REVERSED; REMANDED** with instructions.

CHAMBER OF COMMERCE OF The UNITED STATES; California Chamber of Commerce; Employers Group; California Healthcare Association; California Manufacturers and Technology Assn.; California Association of Health Facilities; California Association of Home & Services for the Aging; Bettec Corporation; Marksherm Corporation; Zilaco Inc., Zilaco;

Del Rio Healthcare, Inc.; Beverly Health & Rehabilitation Services, Inc. dba Beverly Manor Costa Mesa; Internext Group, Plaintiffs–Appellees,

American Federation of Labor and Congress of Industrial Organizations; California Labor Federation, AFL–CIO, Intervenors–Appellants,

v.

Bill LOCKYER, Attorney General, in his capacity as Attorney General of the State of California; Department of Health Services; Frank G. Vanacore, as the Chief of the Audit Review and Analysis Section of the California Department of Health Services; Diana M. Bonta, Diana M. Bonta, R.N., Dr., P.h.D, as the Director of the California Department of Health Services, Defendants.

Chamber of Commerce of the United States; California Chamber of Commerce; Employers Group; California Healthcare Association; California Manufacturers and Technology Assn.; California Association of Health Facilities; California Association of Home & Services for the Aging; Bettec Corporation; Marksherm Corporation; Zilaco Inc., Zilaco; Del Rio Healthcare, Inc.; Beverly Health & Rehabilitation Services, Inc. dba Beverly Manor Costa Mesa; Internext Group, Plaintiffs–Appellees,

and

American Federation of Labor and Congress of Industrial Organizations; California Labor Federation, AFL–CIO, Intervenors,

v.

Bill Lockyer, Attorney General, in his capacity as Attorney General of the State of California; Department of Health Services; Frank G. Vanacore,

as the Chief of the Audit Review and Analysis, Section of the California Department of Health Services; Diana M. Bonta, Diana M. Bonta, R.N., Dr., P.h.D, as the Director of the California Department of Health Services, Defendants–Appellants.

Nos. 03–55166, 03–55169.

United States Court of Appeals, Ninth Circuit.

Feb. 9, 2006.

Stephen A. Bokat, Esq., National Chamber Litigation Center, Bradley W. Kampas, Esq., Washington, DC, Scott W. Oborne, Esq., Jackson Lewis LLP, Mark E. Reagan, Esq., Hooper Lundy & Bookman, Inc., San Francisco, CA, Mark Anthony Johnson, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Plaintiffs–Appellees/Intervenors–Appellants/Intervenors.

Suzanne M. Ambrose, DAG, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, Richard T. Waldow, DAG, Los Angeles, CA, for Defendants/Defendants–Appellants.

Before: MARY M. SCHROEDER, Chief Judge.

**ORDER**

Upon the vote of a majority of the en banc court, the opinion and dissent filed on September 6, 2005, slip op. 12167, and appearing at 422 F.3d 973 (9th Cir.2005), are withdrawn.

